-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN PATRICK BRADY,

        Petitioner,

        -v-                                    DECISION AND ORDER
                                                06-CV-6111L

DIANA IRIZARRY and ELIOT SPITZER,

        Respondent.
_____

KEVIN PATRICK BRADY,

        Petitioner,

        -v-                                    06-CV-6112L

THOMAS VAN STRYDOCK,

        Respondent.
_____

KEVIN PATRICK BRADY,

       Petitioner,

        -v-                                    06-CV-6113L

STEVEN R. SIRKIN,

        Respondent.
_____

KEVIN PATRICK BRADY,

        Petitioner,

        -v-                                    06-CV-6114L

JEROME GORSKI,

        Respondent.
_____

KEVIN PATRICK BRADY,

          Petitioner,

                -v-

THOMAS A. KLONICK,

          Respondent.

DECISION AND ORDER
06-CV-6134L

## INTRODUCTION

On February 23, 2006, petitioner, Kevin Patrick Brady ("Brady"), proceeding *pro se*, filed four petitions purportedly seeking relief pursuant to 28 U.S.C. § 2254 (06-CV-6111, 06-CV-6112, 06-CV-6113, and 06CV-6114). He filed an additional petition on March 3, 2006 (06-CV-6134). In each of the petitions, to varying degrees, petitioner seeks to further his on-going efforts to overturn, set aside or vacate New York State court decisions regarding his child support payments and related contempt proceedings. Additionally, petitioner recently submitted a letter (Docket No. 4), dated March 10, 2006, together with a check in the amount of $250.00. While the letter is not altogether clear, petitioner is requesting that, because he has filed the habeas petitions, he now be permitted to consolidate all of the actions and proceed to litigate them as civil rights actions.[1]

For the reasons discussed below, and in light of my prior decision concerning Brady's frivolous claims, these actions are all dismissed with prejudice and his pending motions are denied as moot. Further, the Clerk of the Court is directed to return petitioner's check for $250.00, which

---

[1] Petitioner has attached copies of state court briefs on an appeal that he submitted in Monroe County Court in 1997. He indicates that he wishes "to satisfy the additional fee required for a § 1983 action [before April 9th] and serve Notice simultaneously and to prosecute on the same papers" without clarifying to which papers he refers. (Docket No. 4).

petitioner submitted as a filing fee for the § 1983 action to which he hoped the habeas petitions would be converted.

## DISCUSSION

Petitioner previously filed several actions[2] in this Court pursuant to 42 U.S.C. § 1983, which ultimately resulted in sanctions imposed against him for filing "vexatious litigation about which he could not objectively reasonably expect to prevail." *Brady v. Van Strydonck*, No. 03-CV-6305L, *aff'd* 93 Fed.Appx. 325 (2d Cir. 2004). Thus, petitioner is subject to a sanction order that requires additional preliminary review of his papers and, where warranted, summary dismissal of his civil actions. The determination to enjoin him from filing further actions relating to his Family Court proceedings was based on a examination of his litigation in both the federal and state courts, assessed in light of the factors set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986). *Brady v. Marks, et al*, 7 F.Supp2d at 253-55. In addition to his federal actions, petitioner had filed several state court actions relating to his claims that the charges of violating a custody order were improper, the order of protection illegal, and the conduct of members of the state judiciary, state and county prosecutors, and county officials violated his civil rights. Each of those actions was found to be meritless, and dismssed. Despite repeated dismissals of his actions, the imposition of sanctions, and explanation of several legal concepts implicated by the issues he seeks to raise against virtually everyone who has played any role in the state court proceedings, petitioner persists in futile attempts to over-turn or avoid the state court decisions.

The petitions here present more of the same. Petitioner is challenging several proceedings that are not amenable to habeas relief (i.e, challenging state court determinations for which he was

---

[2] *See Brady v. Van Strydonck*, No. 03-CV-6305L, *aff'd* 93 Fed.Appx. 325 (2d Cir. 2004)*; Brady v. Kearns, et al.*, No. 94-CV-6572L, slip op. at 8 (W.D.N.Y. July 18, 1995); *Brady v. Marks, et al.*, No. 98-CV-6196L, 7 F. Supp.2d 247 (W.D.N.Y. 1998).

3

not "in custody") and he is seeking non-habeas relief throughout.[3]  Because Brady purported to be seeking habeas relief from state court decisions, the papers were accepted for filing.  Nevertheless, despite the liberal reading due pleadings filed by *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), nothing petitioner has submitted indicates that he could establish a basis for federal habeas review in any of these actions.

The Court has considered petitioner's claims separately and in conjunction with each other.  His petitions are basically incoherent.[4]  He has, on the one hand, failed to provide sufficient information by which the Court can determine any legal grounds upon which he is seeking habeas relief, and, on the other hand, has submitted papers that are too voluminous and ill-defined to decipher.  The petitions fail to set forth any coherent basis for which habeas relief would be warranted pursuant to 28 U.S.C. § 2254, and also raise questions of timeliness and exhaustion.

While ordinarily a petitioner would be afforded an opportunity to submit an amended petition, extending such an opportunity is unwarranted here. Petitioner has repeatedly demonstrated his disregard for federal procedure and the functions of pleadings.  In light of the number and nature of his actions, together with the overly broad relief he seeks and his related efforts to convert the actions to a civil action pursuant to 42 U.S.C. § 1983, it is clear that petitioner is simply attempting to accomplish through habeas what he has failed to accomplish through a §1983 action.  Brady's actions, however me may describe them, remain the same at their core and are subject to the

---

[3] To the extent that any of his multiple actions refer to findings of contempt that may have resulted in incarceration, petitioner is no longer in custody, and makes no showing of collateral consequences arising from those determinations.  He simply seeks to preclude the state court from enforcing any further contempt proceedings in the future.  Moreover, he has not demonstrated that any of his actions fall within the procedural constraints of 28 U.S.C. § 2244(d)(1), 28 U.S.C. § 2254(b)(1)(A) or Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

[4] Additionally the Court has reviewed petitioners correspondence, "motion for immediate ancillary relief and to add respondent party" (Docket Number 3), and his proposed order.

previously imposed  bar against petitioner's filing frivolous actions.  There is no reasonable expectation that the many flaws in petitioner's pleadings could be cured by amendment, no grounds for which he could obtain habeas relief, and, indeed, no indication that petitioner intended to pursue habeas actions on the facts alleged.  Accordingly,

IT HEREBY IS ORDERED, that each of the above captioned petitions is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to return petitioner's check to him; and

FURTHER, that a certificate of appealability is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 17, 2006.